STUCKY, Judge
(concurring):
I concur in the Court’s judgment, and in virtually all of Judge Erdmann’s exhaustive opinion. I write separately only to note my understanding of the discussion of Issue I, and to state a reservation with respect to Issue VII.
With respect to Issue I, as the lead opinion notes, the Government elected to incorporate the existing offenses of obstruction of justice *132 (Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (1994)) and conspiracy to obstruct justice (Article 81, UCMJ, 10 U.S.C. § 881 (1994)) into the Article 133, UCMJ, 10 U.S.C. § 933 (1994), charge of conduct unbecoming an officer and a gentleman. The military judge instructed the members on the elements of those underlying offenses, and the Court of Criminal Appeals analyzed the issue of legal sufficiency in those terms. I do not understand the lead opinion as holding that the military judge was required to do as he did, but simply as applying the law of this case as we found it. I wholly concur with the legal sufficiency analysis of the lead opinion as it relates to the elements of the underlying offenses.
With respect to Issue VII, consistent with the position I took in United States v. Bush, I question the application of the “public perception” standard of United States v. Toohey, 63 M.J. 353 (C.A.A.F.2006) (Toohey IT). See Bush, 68 M.J. 96, 104-07 (C.A.A.F.2009) (Ryan, J., with whom Stucky, J., joined, concurring in the judgment). However, I completely agree with the lead opinion’s holding that Appellant has not made the requisite showing of prejudice under Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). I therefore concur.